IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              Case No. 6:14-cr-60008

ANTHONY CORNILOUS, JR.                                                                      DEFENDANT

## ORDER

On May 28, 2020, Defendant filed the instant *pro se* motion. (ECF No. 45). He states that he is incarcerated in FCI Forrest City Low and requests a compassionate release or placement on home confinement to protect his health. Defendant also states that he has exhausted his administrative remedies within the Bureau of Prisons ("BOP") before filing this motion, although he gives no details about this.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion. "Before the enactment of the [First Step Act of 2018], a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1. However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion. *United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50. In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in. 28 C.F.R. § 571.61(a). If the warden approves the request, it is sent to the BOP's general counsel for approval. 28 C.F.R. § 571.62(A)(1). If the general counsel approves the request, it is sent to the BOP's director for a final decision. 28 C.F.R. § 571.62(A)(2). If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf. 28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days. 18 U.S.C. § 3582(c)(1)(A)(i). If the warden denies the compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant states that he has exhausted his administrative remedies, but he does not provide any details or evidence of this. Based on the present record, the Court cannot determine that Defendant has exhausted his administrative remedies. Accordingly, the Court hereby **ORDERS** Defendant to file a supplement to his motion, detailing the steps he took to exhaust his administrative remedies and providing evidence to that effect, if available.

**IT IS SO ORDERED**, this 1st of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge